EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* LUIS ROSADO, acusado y apelante.

No. 2797.—*Visto:* Junio 15, 1926. *Resuelto:* Julio 13, 1926.

1. FISCALES DE DISTRITO *(District and Prosecuting Attorneys)*—"ASSISTANT" FISCAL DE DISTRITO—FACULTADES—PRESENTACIÓN DE ACUSACIONES BAJO SU FIRMA.—El *assistant* fiscal—cargo creado por la sección 5 de la Ley No. 106 de 1925 (p. 970)—tiene poder y autoridad para formular, suscribir y presentar una acusación con su propia firma.

2. "INDICTMENT" Y ACUSACIÓN—REQUISITOS Y SUFICIENCIA DE LA ACUSACIÓN—ALEGACIONES CONJUNTIVAS *(Conjunctive Allegations)* BAJO ESTATUTOS DISYUNTIVOS *(Disjunctive Statutes).*—Cuando el estatuto menciona varios actos disyuntivamente y cada uno constituye el mismo delito y se castiga con la misma pena, la denuncia o acusación que sigue las palabras del estatuto únicamente en lo que se refiere al uso de las palabras descriptivas de los actos enumerados, pero substituye la conjunción *y* por la disyuntiva *o* del estatuto, es suficiente.

SENTENCIA de *Angel Acosta Quintero,* J. (Ponce), condenando al acusado por delito de adulteración de leche. *Confirmada.*

*Leopoldo Tormes,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

El apelante alega que:

"1.—La corte inferior cometió error grave al considerar una acusación firmada en su propio nombre por Pedro Rodríguez Serra como Asst. Fiscal del Distrito, cuando aparece formulando tal acusación el Fiscal del Distrito, y no teniendo como no tiene facultad un asst. fiscal para en su nombre presentar una acusación.

"2.—La Corte cometió error al considerar suficiente la acusación, no obstante haberle hecho reparos a la misma el acusado, y estando dicha acusación defectuosa.

"3.—La sentencia en este caso, es contraria a derecho."

[1] El primer punto ha sido resuelto adversamente a la alegación del apelante en el caso de *El Pueblo* v. *Arzola,* según opinión y sentencia del día de hoy.

[2] La teoría de la excepción perentoria presentada en la corte inferior y del alegato en apelación es que la acusación no contiene una exposición clara y concisa de hechos que permitan a una persona de inteligencia ordinaria entender la naturaleza del supuesto delito imputado y la forma en que se alega que se cometió el delito. En apoyo de esta alegación el apelante cita el caso de *El Pueblo* v. *Hood,* un caso de California, sin especificar el volumen ni la página en que el mismo está reportado, al efecto de que una acusación por incendio malicioso, en la cual se alega que el acusado en determinado día quemó o hizo quemar cierta casa de vivienda, es defectuosa, porque el cargo se formula en forma alternativa, mientras que debe ser específico. Una denuncia debe exponer los hechos y circunstancias del supuesto delito, a fin de que el acusado pueda preparar su defensa.

En relación con lo que antecede el apelante también cita 31 Corpus Juris, sección 181, páginas 663 y 664, donde hallamos lo siguiente:

"La regla general está bien establecida de que una denuncia o acusación no debe estar redactada en forma disyuntiva o alternativa, de tal manera que no se sepa exactamente en qué se funda la acusación. En la misma narración (*count*) no pueden alegarse alternativamente dos delitos. Como regla general, dondequiera que un estatuto especifica varias formas o modos de cometer un delito

alternativamente, es una manera errónea de alegar tales medios o modos en forma alternativa. Pero cuando se usan términos en forma alternativa que son sinónimos, la acusación es correcta; y cuando un estatuto al definir un delito, usa la palabra 'o' como equivalente de 'a saber', o sea explicando lo que precede, haciendo que signifique lo mismo, la acusación puede seguir las palabras del estatuto. No vicia una acusación la alegación alternativa de materia que puede ser rechazada como redundante, o que no tiene relación con el cargo formulado o con la definición del delito o que es solamente una agravante."

La denuncia en este caso imputa una infracción del artículo 1 de la Ley "Proveyendo lo necesario para castigar la adulteración de leche y para otros fines," y dice así:

"El citado Luis Rosado, el día veinte y dos de octubre de mil novecientos veinte y cinco, en la ciudad de Ponce, Puerto Rico, que forma parte del Distrito Judicial del mismo nombre, ilegal, voluntaria e intencionalmente, tenía para la venta, ofrecía en venta y vendía leche de vaca adulterada."

No se alega que la denuncia imputara más de un delito. Por el contrario el apelante en su alegato admite que los varios actos enumerados, no son sino distintas formas de cometer el delito. Estos varios actos se le imputan al acusado en forma conjuntiva, no en forma disyuntiva.

El apelante parece haber pasado por alto el hecho de que la denuncia sigue las palabras del estatuto únicamente en lo que se refiere al uso de las palabras descriptivas de los actos enumerados, pero substituye la conjunción "y" por la disyuntiva "o" del estatuto. La diferencia es que donde se usa la forma disyuntiva el acusado no tiene medios de anticipar sobre cuál de los varios actos alegados hará hincapie El Pueblo durante el juicio; mientras que el uso de la palabra "y" claramente indica el fin de probar no uno o más, sino todos los actos alegados en la denuncia.

"Es una regla bien establecida de procedimiento criminal, que cuando un delito castigado por un estatuto penal puede ser cometido en una o más formas, la denuncia o acusación puede, en una sola narración (count) imputar su comisión en cualquiera o en to-

das las formas mencionadas en el estatuto. De igual manera, cuando un estatuto penal menciona varios actos disyuntivamente y prescribe que cada uno de ellos constituirá el mismo delito y se castigará con la misma pena, una denuncia o acusación puede imputar cualquiera o todos los actos conjuntamente como constitutivos de un solo delito.'' 31 Corpus Juris, sección 325, página 764. Véase también el caso de *El Pueblo* v. *Rivera, alias Panchito,* 7 D.P.R. 332.

La tercera proposición mencionada en el señalamiento de errores la somete el apelante como corolario de las que le preceden y desde luego no merece ulterior consideración.

*La sentencia apelada debe ser confirmada.*